UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        Case No. 16-cr-20322

v.        Judith E. Levy
        United States District Judge

William Frank Snody,

        Mag. Judge R. Steven Whalen

        Defendant.

_____/

# OPINION AND ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW PLEA OF GUILTY [37]

Defendant William Frank Snody seeks to withdraw his guilty plea pursuant to Fed. R. Crim. P. 11(d)(2)(B). Because he fails to establish that it would be fair and just to do so, his motion is denied.

Defendant was charged in a two-count information, for receipt and for possession of child pornography. (*See* Dkt. 14.) He pleaded guilty on August 11, 2016, and tendered a Rule 11 plea agreement. (Dkt. 25.) On October 10, 2016, approximately two months later, he filed a motion to suppress all evidence obtained from the search of his computer, arguing that recent cases have found the search warrant illegal, based on the

"Network Investigative Technique" used to identify his computer. (Dkt. 27.)

The government responded with a motion to strike the motion suppress, arguing that the motion to suppress was moot given defendant's Rule 11 plea agreement. (Dkt. 29.) Defendant withdrew his motion to suppress (Dkt. 36), rendering moot the government's motion to strike. On November 13, 2016, defendant filed the motion to withdraw his guilty plea at issue here. (Dkt. 37.)

Defendant argues that because recent cases have split regarding the legality of the NIT warrant used to identify his computer and whether evidence obtained pursuant to one should be suppressed, he should be permitted to withdraw his plea to allow him to file a motion to suppress. (*Id.* at 3.) The government responds that defendant's motion should be denied, because he "cannot show, nor does he even attempt to, that 'there [was] a real confusion or misunderstanding' about the terms of the plea agreement." (Dkt. 39 at 1 (quoting *United States v. Ellis*, 470 F.3d 275, 280-81 (6th Cir. 2006).) Rather, according to the government, defendant merely "learned that others are litigating an issue that he chose not to litigate." (*Id.*)

To withdraw a guilty plea before a sentence is imposed, a defendant must show "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Whether to grant such a motion is within the district court's discretion. *See United States v. Mader*, 251 F.3d 1099, 1105 (6th Cir. 2001). The Sixth Circuit directs the district court to consider the following general, non-exclusive "multi-factor balancing test" to decide whether to grant a motion to withdraw a guilty plea:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008) (quotation omitted).

Defendant filed his motion to withdraw over two months after entering his plea of guilty. Thus, the first factor weighs against granting the motion. *United States v. Jannuzzi*, No. 07-4521, 2009 U.S.

3

App. LEXIS 4830, at *9 (6th Cir. Mar. 6, 2009) (a thirty-day delay "is at the boundary line between what is acceptable and what is not"); *see United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007) (collecting cases).

Regarding the second factor, defendant argues that "he was unaware, as was his counsel, of the full brea[d]th of case law and the additional case that supported [his] argument and that such an argument now appears far more viable under current law." (Dkt. 37 at 10.) The government responds that this reason is invalid, because defendant "had access to the purported basis for the suppression issue . . . more than six months prior to his plea." (Dkt. 39.)

Defendant relies on cases in which courts granted motions to withdraw a guilty plea based on law that developed *after* the guilty plea was entered. *See, e.g.*, *United States v. Ortega-Ascanio*, 376 F.3d 879, 887 (9th Cir. 2004) ("[Defendant] demonstrated a fair and just reason for withdrawing his plea, namely, an intervening Supreme Court decision that overruled Circuit precedent and gave him a plausible ground for dismissal of his indictment."). But some of the cases defendant intends to rely on in his motion to suppress were decided

4

several months *before* he entered his guilty plea. (Dkt. 27 at 4.) For example, defendant cites two cases for the proposition that other courts have found that the NIT warrant "was unlawfully issued and suppressed all fruits of it." (*Id.* (citing *United States v. Levin*, No. 15-10271, 2016 U.S. Dist. LEXIS 52907 (D. Mass. May 5, 2016); *United States v. Arterbury*, No. 15-cr-182, 2016 U.S. Dist. LEXIS 67091 (N.D. Okla. Apr. 25, 2016).) But those cases were decided in May and April, several months before defendant's August 11 plea agreement. And those cases are persuasive authority at best. *Cf. Ortega-Ascanio*, 376 F.3d at 887 (9th Cir. 2004) (intervening Supreme Court case fair and just reason to grant withdrawal).

Defendant cites another case that was decided shortly after the plea (*id.* (citing *United States v. Croghan*, No. 1:15-cr-48, 2016 U.S. Dist. LEXIS 127479 (S.D. Iowa Sep. 19, 2016)), but that case is not substantially different from the others to have addressed the issue. Moreover, the arguments that were made in those cases to suppress the NIT warrant were always available to defendant. Defendant may not have been aware that such arguments had been successful elsewhere, but the arguments were available nonetheless.

5

5:16-cr-20322-JEL-RSW   Doc # 45   Filed 12/20/16   Pg 6 of 9   Pg ID 692

As other courts have found, the fact that "[d]efendant was not made aware that individuals have challenged the legality of NIT warrants until after his guilty plea was entered" is an insufficient "basis for the withdrawal of his plea." (Dkt. 40 (*United States v. Barker*, No. 15-cr-20518) (Parker, J.)); *see United States v. Hughes*, 2016 U.S. Dist. LEXIS 116673, at *9-10 (S.D. Tex. Aug 30, 2016) (denying defendant's request to withdraw his plea, noting that defendant had access to the NIT warrants and could have filed a motion to suppress prior to his plea).) Because the relevant case law developed before the plea was entered—which would only be persuasive authority anyway—and the underlying arguments were always available to support a suppression motion, defendant does not have a valid reason for failing file a suppression motion prior to entering a plea of guilty. Thus, this factor weighs against granting the motion to withdraw the guilty plea.

Regarding the third factor, defendant does not maintain that he is innocent. Thus, this factor weighs against granting the motion.

Regarding the fourth factor (the circumstances underlying the entry of the guilty plea), by July 11, 2016, when a change-of-plea hearing was held, the government had made a Rule 11 plea offer to

defendant, and defendant had met with his attorney approximately twenty-five times, in addition to communicating with his attorney by email and phone. (Dkt. 30 at 3.) The Court granted defendant an additional three weeks to consider the plea offer, which he eventually accepted and which was entered on August 11, 2016. (Dkt. 25.) At the plea hearing, defense counsel noted that defendant accepted the agreement "[a]fter speaking and meeting . . . several times and answering . . . his questions." (Dkt. 31 at 3.) Thus, this factor weighs against granting the motion to withdraw the guilty plea.

Regarding the fifth factor, defendant's only argument is that he does not have any experience with the criminal justice system, but that argument applies to factor six. The government notes that defendant completed high school and has some college education, describes himself as "skilled in computer networking and installing and maintaining servers," and worked as a Senior Network Engineer for $65,000 per year before his arrest. (Dkt. 39 at 13.) Because defendant is an educated and sophisticated person, this factor weighs against granting the motion. *United States v. Ellis*, 470 F.3d 275, 285 (6th Cir. 2006).

Regarding the sixth factor, defendant has no prior personal experience with the criminal justice system. (Dkt. 37 at 13; Dkt. 39 at 13.) Thus, this factor weighs in favor of granting the motion, but it is not accorded much weight. *United States v. Ellis*, 470 F.3d 275, 285 (6th Cir. 2006) ("[A] favorable finding with respect to this factor cannot weigh heavily in defendant's favor . . . .").

Regarding the last factor, defendant argues that "[i]t would [] not be very difficult for the [g]overnment to file a response" to a motion to suppress, and "other than a response, no trial or other efforts will be necessary." (Dkt. 37 at 14.) The government responds that granting the motion to withdraw the guilty plea "would establish a dangerous precedent," because "it would mean that any and all guilty pleas would be subject to attack on the basis of ever-evolving case law." (Dkt. 39 at 14 (citing *United States v. Hyde*, 520 U.S. 670, 676 (1997)).) The government also argues that if defendant "withdraws his plea, it will create hours of additional work for the forensic analyst in this case, who is currently prioritizing other national security and child exploitation cases." (*Id.*)

8

The Court need not consider whether the government will be prejudiced unless a defendant has established a fair and just reason for vacating the plea. *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991). As set forth above, the balance of factors weighs heavily against granting the motion to withdraw, *i.e.*, defendant has not established that there is a fair and just reason to grant his motion to withdraw his guilty plea. The Court thus declines to evaluate whether the government would be prejudiced by the withdrawal.

Accordingly, defendant's motion to withdraw his guilty plea (Dkt. 37) is DENIED.

IT IS SO ORDERED.

Dated: December 20, 2016
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 23, 2016.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager