UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        Case No. 16-20322

v.

                              Hon. Judith E. Levy
William Frank Snody,        United States District Judge

        Defendant.
_____

**United States of America's Supplemental Response Opposing the Defendant's Motion for Compassionate Release**
_____

Following the compassionate release hearing on August 13, 2020, the Court ordered supplemental briefing on a single issue—the effect of a prior Covid-19 infection on whether there is an extraordinary and compelling reason warranting Snody's release.

The Court's decision to order additional briefing seems prescient given the [news of the last week](#), but it only continues to reinforce that Snody's current circumstances do not create an extraordinary and compelling reason for his release. A single asymptomatic case of reinfection has preliminarily been confirmed and there are reports of

1

two other cases of reinfection in Europe, though data has not been provided to substantiate these other two reinfections.

Snody cites to this report as a demonstration that prior Covid-19 infection does not prevent reinfection. But as one author noted, "With more than 24 million SARS-CoV-2 cases worldwide, it's likely that reinfection is probably rare if it hasn't been observed until [now](now)."

Snody notes the twitter thread from the prominent Yale researcher who studies Covid-19. Snody focuses on the last tweets that were part of this thread, but ignores the first two tweets that made up the entire thread. The first tweet noted, "[T]his is no cause for alarm, it's a textbook example of how immunity should [work](work)." She then noted that the second reinfection was asymptomatic because of the patient's first reinfection. Another researcher has noted that "[T]he majority of patients likely have a cocktail of immune responses that activate on second exposure," said Brian Wasik, a virologist at Cornell University. "This Hong Kong patient also seems to have been asymptomatic on second infection, perhaps due to some immune [response](response)."

Courts have varied in how they assess the risk of reinfection, with some calling it speculative and refusing to find it a compelling and

extraordinary circumstance. *United States v. Daugerdas*, No. 09CR581, 2020 WL 4931988, at *3 (S.D.N.Y. Aug. 18, 2020). Other courts have noted that courts generally find that the risk of reinfection does not warrant compassionate release. *United States v. Risley*, No. 1:12-CR-0363 AWI, 2020 WL 4748513, at *2 (E.D. Cal. Aug. 17, 2020). *See also United States v. Payne*, No. CR 14-86, 2020 WL 4747709, at *2 (E.D. La. Aug. 17, 2020) (risk of reinfection not compelling or extraordinary) and *United States v. Baker*, No. CR 16-179, 2020 WL 4584195, at *4 (E.D. La. Aug. 10, 2020) (collecting cases dismissing risk of reinfection as an extraordinary and compelling reason for release). And in *United States v. Logan*, the court denied release to a defendant who had "already contracted—and beaten—the virus." No. 1:15-CR-00027, 2020 WL 3960999, at *2 (W.D.N.C. July 13, 2020). The court explained that "[w]hile it is unclear how long Covid-19 immunity might last following infection, it is reasonable to assume that [he] is not at risk of infection for some time." *Id.* at *2 n.4; *accord United States v. Buford*, No. 05-80955, 2020 WL 4040705, at *5 (E.D. Mich. July 17, 2020). As Snody has noted, other courts have disagreed with this analysis and found the

risk of reinfection warranting a compelling and extraordinary reason justifying release.

Once one gets past the alarmist headlines the new case study created, there is not much difference in what is now known and when courts dismissed reinfection as speculative. While a World Health Organization official notes that it is possible that reinfection could [occur](), Science Magazine calls the study documenting the reinfection "no reason to panic," and quotes several scientists who caution against broad conclusions from a single case of reinfection. Mark Slifka, a viral immunologist at Oregon Health & Science University "Even though [the patient] got infected with a very different strain that's distinct from the first time around, they were protected from [disease]()." He called the case study "good news."

4

## Conclusion

No one can state definitively how long immunity from Covid-19 lasts or the effects of prior cases on the severity of a later reinfection. The Court must rely on the facts that have emerged since the pandemic began, which shows that Snody had increased risks of severe illness from Covid-19 and recovered from a case of Covid-19. The evidence also shows that reinfection from Covid-19 is extraordinarily rare at this point, and that no serious illnesses have resulted from the single confirmed case of reinfection. For those reasons, there is not an extraordinary and compelling reason to satisfy the requirement for compassionate release, and the Court should deny his motion.

Respectfully Submitted,

MATTHEW SCHNEIDER
United States Attorney

Dated: August 28, 2020

s/CHRISTOPHER RAWSTHORNE
Assistant United States Attorney
600 Church Street
Flint, MI 48502
Telephone number: (810) 766-5035
Email:Christopher.Rawsthorne@usdoj.gov
WI BAR # 1059889

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2020, the foregoing document was electronically filed by an employee of the United States Attorney's Office with the Clerk of the Court using the ECF system which will send notification of such filing to:

Kimberly Stout

                                        s/CHRISTOPHER RAWSTHORNE
                                        United States Attorney's Office