UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

           Plaintiff,      Case No. 16-20322

v.                              Judith E. Levy
                              United States District Judge
William Frank Snody,

           Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT SNODY'S MOTION FOR COMPASSIONATE RELEASE [54]

On June 30, 2020, Defendant William Snody filed a motion requesting compassionate release from prison in light of his underlying health conditions and the danger posed to him in custody from the COVID-19 pandemic. (ECF No. 54.) For the reasons below, this motion is DENIED WITHOUT PREJUDICE.

Compassionate release is governed by the First Step Act and articulated through 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13, n.1(A). Pursuant to this authority, the Court may grant compassionate release if three circumstances are met: 1) extraordinary and compelling

reasons, as described by the United States Sentencing Commission, warrant a reduction in sentence; 2) the § 3553(a) factors—"to the extent that they are applicable"—do not render the reduction inappropriate; and 3) the defendant would not pose a danger to the public if released. On August 13, 2020, the Court held oral argument through audio-visual technology on Defendant's motion for compassionate release. Defendant's underlying offense is receipt of child exploitation images,[1] and the Court accordingly heard extensive arguments regarding the § 3553 factors and his prospective danger to the community, in addition to extensive argument about his underlying medical conditions. Relying on

---

[1] The Court declines to describe these images as "child pornography" and instead defers to the more accurate description—"child exploitation images"—as set forth by the International Criminal Police Organization (INTERPOL) and the United States Department of Justice. "Because the term 'child pornography' is used in federal statutes, it is also commonly used by lawmakers, prosecutors, investigators, and the public to describe this form of sexual exploitation of children . . . [however, i]t is important to distinguish child pornography from the more conventional understanding of the term pornography. Child pornography is a form of child sexual exploitation, and each image graphically memorializes the sexual abuse of that child." *Child Pornography*, United States Department of Justice, https://www.justice.gov/criminal-ceos/child-pornography. "Pornography is a term used for adults engaging in consensual sexual acts distributed [] legally to the general public for their sexual pleasure . . . [conversely,] [t]erms such as [] 'child porn' are also used by criminals and should not be legitimate language used by law enforcement, judiciary, the public[,] or media." *Appropriate terminology*, International Criminal Police Organization, https://www.interpol.int/en/Crimes/Crimes-against-children/Appropriate-terminology.

Defendant's release plan in which he would be able to live with family, and for the reasons set forth on the record, the Court found that: 1) extraordinary and compelling reasons warranted a reduction in sentence; and 2) the Court could impose conditions of release that would mitigate any § 3553 or dangerousness concerns about Defendant's release.

However, on August 14, 2020, the Court learned that Defendant no longer had a residence plan upon prospective compassionate release and would accordingly be released into a re-entry center and potential homelessness. The Court therefore ordered that the parties address the following two issues in addition to an existing supplementary briefing order:

1) Whether Defendant would have a residence plan upon prospective compassionate release; and

2) If Defendant would not have a residence plan, whether release into a re-entry center would impact the Court's dangerousness, § 3553, or public health and safety analysis.

(ECF No. 65.) Neither party responded to this order.[2] Nonetheless, on August 31, 2020, the Court confirmed with the Probation Department that Defendant still does not yet have a re-entry plan.

---

[2] The parties responded to another supplemental briefing request regarding the likelihood of COVID-19 reinfection, but that analysis is irrelevant here.

As the undersigned stated during the parties' August 13 hearing, Defendant's underlying crime is extremely serious. The factual basis from the Rule 11 is as follows:

> On November 19, 2015, federal authorities executed a search warrant at the Defendant's residence in Rochester Hills, Michigan and recovered 44 items, one of which was a collection of 30 blue ray disks. The Defendant was present and made the following statements: He has been viewing child exploitation images for the last 15 years, he has at least 500,000 child [exploitation] images, authorities will find child [exploitation images] on his Dell computer with a password of fire6282, he finds child [exploitation images] on various websites, including sites on the dark web.
>
> The Defendant provided additional statements at a later date: he does not know why he downloads and saves child [exploitation images], he has saved numerous child [exploitation] images on blue ray disks.
>
> A forensic analysis of the Defendant's devices revealed that, between the dates of June 5, 2013 and November 19, 2015, the Defendant received hundreds of thousands of child [exploitation] images and hundreds of child [exploitation] videos by downloading them from the internet. The Defendant had 30 blue ray disks containing child [exploitation images]. On those disks, authorities found over 100,000 images of child [exploitation images] and over 700 videos of child [exploitation]. The images and videos were categorized. There were images of children under the age of 12 and images depicting sadomasochistic conduct. There was at least one image containing bestiality.

(ECF No. 25.) Though Defendant himself did not engage in physical violence toward the child victims in this case, his longstanding consumption of child exploitation images furthered an immense economy of child trafficking, rape, and torture. The compassionate release "dangerousness" analysis envisions a broad construction of community safety, and it is for this reason that many judges decline to release "nonviolent" defendants convicted of possession of child exploitation images. *See United States v. Smith*, No. 14-20814, 2020 WL 5071176, at *3 (E.D. Mich. Aug. 26, 2020) (quoting *Coleman v. United States*, No. 17-69, 2020 WL 3039123, at *4 (E.D. Va. June 4, 2020)) ("Federal courts have been disinclined to grant compassionate release to petitioners convicted of crimes involving child exploitation images, even for vulnerable petitioners during the COVID-19 pandemic, citing potential dangerousness.").

With this caution in mind, and as articulated at the August 13 hearing, the undersigned nonetheless believes that strict release conditions could mitigate Defendant's dangerousness. However, such a release plan would involve careful monitoring of Defendant's whereabouts and internet usage—the latter being particularly important

5

as society increasingly relies on the internet for basic tasks such as grocery shopping, visiting the doctor, and working during the current COVID-19 pandemic. Without a release plan ensuring that the Probation Department can monitor Defendant's whereabouts and internet usage at all times, Defendant cannot demonstrate that he is not too dangerous to be released. *See id.* (denying motion for compassionate release because the Probation Department would be unable to conduct home visits or monitor the defendant's internet usage); *United States v. Ciccone*, No. 16-65, 2020 WL 1861653, at *3 (N.D. Ohio, Apr. 14, 2020) (denying motion for compassionate release because the defendant could not present the court with a viable release strategy).

Accordingly, until Defendant can provide the Court with an acceptable release plan, this motion is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: September 4, 2020          s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                           United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 4, 2020.

                                                s/William Barkholz
                                                WILLIAM BARKHOLZ
                                                Case Manager