UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,         Case No. 16-cr-20322

v.                                 Judith E. Levy
                                  United States District Judge

William Frank Snody,

                                  Mag. Judge R. Steven Whalen

                Defendant.

_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE [77]**

Before the Court is Defendant William Frank Snody's motion to terminate supervised release. (ECF No. 77.) For the reasons set forth below, Defendant's motion is denied without prejudice.

I.    Background

On August 11, 2016, Defendant pled guilty pursuant to a Rule 11 plea agreement to Count One of the information.[1] (*See* ECF Nos. 14, 25.)

---

[1] On December 20, 2016, the Court denied Defendant's motion to withdraw his guilty plea, in which he argued that "he should be permitted to withdraw his plea to allow him to file a motion to suppress." (ECF No. 45, PageID.688.) The Court determined that Defendant did "not establish[ ] that there is a fair and just reason to

That count charged him with "Receipt of Child Pornography," in violation of 18 U.S.C. § 2252A(a)(2). (*See* ECF No. 14, PageID.32–33.) On March 6, 2017, the Court sentenced Defendant to seventy-two months' imprisonment to be followed by an eight-year term of supervised release. (ECF Nos. 52, 53.)

On November 16, 2020, the Court granted Defendant's renewed motion for compassionate release.[2] (ECF No. 75.) "Defendant's sentence of imprisonment [wa]s reduced to time served," but "[t]he term of supervised release and all other conditions of supervised release remain[ed] unchanged." (ECF Nos. 75, 76.) Defendant was released from custody on November 17, 2020. The parties agree that Defendant has completed three years of supervised release. (*See* ECF No. 77, PageID.1671, 1673; ECF No. 79, PageID.1678.)

On December 28, 2023, Defendant filed a motion to terminate his supervised release under 18 U.S.C. § 3583(e)(1). (ECF No. 77.) The

---

grant his motion to withdraw his guilty plea" under Federal Rule of Criminal Procedure 11(d)(2)(B). (*Id.* at PageID.695; *see id.* at PageID.689.)

[2] Defendant's initial motion for compassionate release (ECF No. 54) was denied without prejudice on September 4, 2020. (ECF No. 70.)

government filed a response opposing the motion on January 23, 2024. (ECF No. 79.)

**II.    Legal Standard**

Under 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." In evaluating whether to terminate a defendant's term of supervised release, the Court "consider[s] the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> . . . ;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> . . . ;

3

> (4) the kinds of sentence and the sentencing range established for—
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ; or
>>
>> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . ;
>
> (5) any pertinent policy statement—
>
>> (A) issued by the Sentencing Commission . . . ; and
>>
>> (B) that . . . is in effect on the date the defendant is sentenced[;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (footnote omitted).

"The plain language of the statute illustrates that § 3583(e), in the typical case, allows a conduct-based inquiry into the continued necessity for supervision after the individual has served one full year on supervised release." *United States v. Suber*, 75 F. App'x 442, 443–44 (6th Cir. 2003). "The statute, however, is not exclusively limited to considerations of conduct." *Id.* The Sixth Circuit instructs that "[t]he phrase 'the interest of justice' gives the district court latitude to consider a broad range of

4

factors in addition to an individual's behavior in considering whether to terminate the supervised release period." *Id.* (citing *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999)). "The conjunction 'and' used in the statute clearly indicates that a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *Id.* (citing *Pregent*, 190 F.3d at 282). A district court's decision on a motion to terminate supervised release "must demonstrate consideration of the relevant [§ 3553(a)] factors even if the court does not describe its analysis of each factor." *United States v. Zai*, No. 22-3371, 2022 WL 17832201, at *5 (6th Cir. Dec. 21, 2022) (citing *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010); *United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014)).

### III. Analysis

In his brief in support of his motion to terminate supervised release, Defendant states that he is seventy years old and is retired. (ECF No. 77, PageID.1674.) He "lives independently in a condominium[;] however, his health is fragile." (*Id.*) He states that he "has completed his therapy" and "has demonstrated that he can be a law-abiding citizen." (*Id.* at

5

PageID.1675.) Defendant indicates that "[d]uring his prison time, and while on supervised release, [he] never received any violations; he has also been in full compliance with all conditions of release." (*Id.*; *see id.* at PageID.1674 ("[Defendant] has been compliant as a registered sex offender, and had no violations.").) Defendant argues that "[f]urther supervision would only be punitive and serves no further purpose" because "he does not need further training programs, therapy, or supervision." (*Id.* at PageID.1675.)

Defendant states that "[h]is Probation Officer . . . takes no position on th[e] Motion." (*Id.* at PageID.1674.) The Probation Department has informed the Court that "[p]er the Administrative Office of the United States the probation department is not authorized to recommend early termination on sex offense cases."

The government opposes Defendant's motion. The government argues that "[c]ontinued monitoring of [Defendant's] internet activity remains important given the nature, length, and seriousness of his offense." (ECF No. 79, PageID.1680.) The government states that "[t]he purpose of continuing [Defendant's] supervised release is not a punitive one—it is a preventative one." (*Id.*) The government acknowledges that

6

Defendant "may be a lower risk for hands-on behavior due to his serious health issues." (*Id.*) But it argues that "the monitoring of his internet activity serves an important role" in light of "his massive prior collection of child pornography and the horrific nature of that collection." (*Id.*) The government states that

> [w]hile some early termination of [Defendant's] supervised release may be appropriate, [he] should at least complete the statutory minimum term of five years before the Court provides early termination of supervised release. [Defendant] committed the offense in such an aggravated manner and for such a long period of time that continued supervision is appropriate for some time.

(*Id.* at PageID.1678–1679.)

The Court appreciates that Defendant has complied with the conditions of his supervision thus far and congratulates him on this accomplishment. However, the Court finds that the relevant § 3553(a) factors and the interest of justice weigh against terminating Defendant's term of supervised release. The nature, length, and seriousness of the offense in this case warrant a substantial period of supervision. The government previously indicated in its sentencing memorandum that Defendant "had one of the largest collections [of child exploitation images and videos] if not the largest of any offender in the Eastern District of

7

Michigan." (ECF No. 41, PageID.669.) According to the government, Defendant "spent at least 15 years amassing a large and disturbing collection of over 780,000 images of child pornography." (ECF No. 79, PageID.1679.) "[H]is collection include[d] the worst possible types of images and videos: bestiality, numerous babies and toddlers, and numerous images of bondage." (ECF No. 41, PageID.669.) Law enforcement recovered this collection "after discovering that [Defendant] had spent 35 hours on a child pornography website in less than six weeks in 2015." (ECF No. 79, PageID.1679 (citing ECF No. 41, PageID.662).) FBI agents who executed a search warrant at Defendant's residence in November 2015 recovered thirty "blue ray cds," among other items.[3] (*See* ECF No. 41, PageID.662–663; ECF No. 79, PageID.1679.) The agents "observed a video recorder and equipment in the basement of the residence. One of the bedrooms upstairs contained nothing but a bed with two children's stuffed animals on it and a telescope." (ECF No. 41,

---

[3] The government indicated in its sentencing memorandum that "[f]orensic analysis of [Defendant's] blue ray disks revealed a total of 781,101 images and videos of child pornography. . . . [Defendant's] other devices contained large amounts of child pornography as well." (ECF No. 41, PageID.663.)

8

PageID.662.) These details regarding the duration, extent, and severity of the offense favor denying Defendant's request.

Moreover, termination of supervised release is not appropriate at this time because Defendant has served less than half of the eight-year term imposed by the Court. The Court agrees with the government that Defendant "should at least complete the statutory minimum term of five years" before his supervised release is terminated. (ECF No. 79, PageID.1678.) *See* 18 U.S.C. § 3583(k) ("[T]he authorized term of supervised release . . . for any offense under section . . . 2252A . . . is any term of years not less than 5, or life."). In light of this statutory minimum, a reduction in Defendant's term of supervised release may create unwarranted sentence disparities with similarly-situated defendants.

Additional considerations support denying Defendant's motion. Continued supervision will ensure that Defendant maintains the progress he has made thus far in his treatment, in reintegrating into society, and in complying with all applicable requirements and conditions (such as those related to the Michigan State Police Sex Offender Registry). Continued supervision will also ensure that Defendant retains access to, and complies with, any treatment that may be necessary in the

9

future. By providing for assistance with Defendant's progress and treatment needs, continued supervision will also protect the public. Accordingly, the Court finds that termination of Defendant's supervised release is not "warranted by the conduct of the [D]efendant . . . and the interest of justice." 18 U.S.C. § 3583(e)(1).

## IV. Conclusion

For the reasons set forth above, Defendant's motion to terminate supervised release (ECF No. 77) is DENIED WITHOUT PREJUDICE. Defendant may renew his motion after he has completed at least five years of supervised release.

IT IS SO ORDERED.

Dated: February 28, 2024      s/Judith E. Levy
    Ann Arbor, Michigan     JUDITH E. LEVY
                                                United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 28, 2024.

                                          s/William Barkholz
                                          WILLIAM BARKHOLZ
                                          Case Manager